394    LAKE SHORE N.-G. CO. *v.* ILL. C. R. R. CO.    [Sept. T.

Syllabus.    Opinion of the Court.

# THE LAKE SHORE NITRO-GLYCERINE COMPANY

*v.*

# THE ILLINOIS CENTRAL RAILROAD COMPANY.

EVIDENCE — *instruction as to presumption of fact.* In a suit against a common carrier, to recover for the loss of the greater part of a shipment of carboys, part containing nitric acid and the others containing sulphuric acid, the former being of much the greater value, the proof was unsatisfactory as to the proportion of each shipped; but there was proof tending to show that the car contained the acids in the usual proportions to be mixed in the manufacture of nitro-glycerine. The court, at the request of the defendant, instructed the jury that " the legal presumption is, that, the burden of proof being on the plaintiff, all the said acids so lost, and not proven to have been nitric, and most valuable, must have been sulphuric, and of the least value:" *Held*, that the instruction did not state a correct legal principle, under the evidence, and was highly calculated to mislead the jury. There is no legal presumption in such a case, but it is purely a question of fact, from the evidence, whether the carboys, or most of them destroyed, contained nitric or sulphuric acid.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action on the case, brought by the appellant against the appellee, to recover the value of a part of a carload of nitric and sulphuric acids, destroyed by the alleged negligence of the appellee. The opinion presents all the facts necessary to an elucidation of the point decided. The plaintiff below appealed.

Messrs. D. & T. J. SHEEAN, for the appellant.

Mr. R. H. McCLELLAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The first error, viz.: The court erred in giving instructions for defendant, is well assigned. Suit was brought by the

Lake Shore Nitro-Glycerine Co., to recover the value of a quantity of acids, destroyed by fire, while in the possession of the railroad company, as a common carrier. It is sought to charge the company with negligence, in failing to use proper care in the conveyance, unloading, and delivering of the goods, but, as the judgment must be reversed, on account of the instructions of the court as to the law of the case, we forbear to remark upon the weight of the evidence to sustain the action.

The goods had been shipped by the manufacturers in Ohio to their agents, Crawford, Mills & Co., at Hazel-Green, and consisted of nitric and sulphuric acids, with which to make nitroglycerine. Galena being the nearest railroad station, the goods were unloaded at that station, and were to be transferred by other conveyance to Hazel-Green. The acids were contained in carboys, 52 in number, which is the usual number shipped in a single car.

The witness King says: " A carload contains nitric acid and sulphuric acid, certain proportions of each to be mixed together in the manufacture of nitro-glycerine. We always send the acids in these proportions in carloads, each car containing both kinds of acids. Each carboy of nitric acid contains 140 pounds, and is worth eighteen cents per pound; and each carboy of sulphuric acid contains 175 pounds, and is worth $2\frac{1}{8}$ to $2\frac{1}{2}$ cents per pound." The value of a carload of acids as described, is $1,000, including the carboys, each of the value of ($2) two dollars. Fourteen carboys had been unloaded, and were saved. Of the remainder, one was broken in unloading, and the other 37 were destroyed by fire. On the trial, plaintiff obtained a verdict, but not being satisfied with the amount, brings the case to this court, on appeal.

The difficulty arises out of the unsatisfactory nature of the evidence as to the contents of the car, whether the carboys destroyed contained nitric or sulphuric acid. The witness King says, he could not tell what acids the car contained; did not see it packed, and was not present. No witness states the number

of carboys in the car containing nitric acid, and the number containing sulphuric acid, nor does any witness, so far as we have been able to discover, state the proportion of each acid to be mixed together in the manufacture of nitro-glycerine. Had the acids destroyed consisted entirely of sulphuric acid, then the verdict is quite high enough, and perhaps too high ; but if any considerable number of the carboys contained nitric acid, then, if a recovery is to be had at all, the verdict is very much too small. Some idea of the proportion in which these acids are used in the manufacture of nitro-glycerine, may be inferred from the fact, a carload in the usual proportion, is of the value of $1,000. The whole number of carboys being given, the total value, the number of pounds of each acid in a carboy, the value per pound, and the value of the carboys each, by a calculation it can be known exactly what number of carboys in a car contained nitric acid, and what number contained sulphuric acid. This is a proposition, capable of solution by any one ordinarily skilled in mathematics, and the jury had a right to make the calculation, if they chose to do so.

There is some evidence tending to show, this car contained acids in the usual proportion, to be mixed together in the manufacture of nitro-glycerine. This was the first carload shipped to Hazel-Green. Of the fourteen carboys saved, three contained nitric acid, and eleven contained sulphuric acid. The one broken in unloading is shown to have contained nitric acid. There must, of necessity, have remained one or more in the car, containing nitric acid, for the fire was undoubtedly caused by spontaneous combustion, and the proof is, sulphuric acid would not explode, nor would it ignite the car, if the carboy was broken ; but nitric acid would ignite any combustible material with which it might come in contact in any considerable quantity. Another fact is, that many of the carboys left in the car, when the employees stopped unloading, were fuming at the stoppers, which is·characteristic of nitric acid.

At the request of the defendant, the court instructed the.

jury: "The legal presumption is, that, the burden of proof being on the plaintiff, all the said acids so lost, and not proven to have been nitric, and most valuable, must have been sulphuric, and of the least value." This clause of the instruction does not state a correct legal principle, and, under the evidence in the case, was highly calculated to mislead the jury. No "legal presumption" arises either way, as to what kind of acids, whether the most or least valuable, were contained in the several carboys. It was a question of fact, to be determined alone by the testimony, and the jury should have been left free to so decide the case. Acting under this instruction, they may have presumed the carboys destroyed all contained sulphuric acid, except the one that caused ignition, and found their verdict on that hypothesis. If so, it was wrong. They should have determined from the testimony, as well as they could, what kind of acid was contained in the carboys destroyed, and not otherwise, if their verdict was to be for the plaintiff. They were not authorized to presume they contained one kind or the other. That was a matter of proof.

For the error indicated, the judgment will be reversed, and the cause remanded.

*Judgment reversed.*